UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GREGORY KELLAM,

                              Petitioner,

                      v.                                          9:05-CV-0184
                                                                           (TJM)(GHL)

CARL HUNT, Superintendent,

                              Respondent.
_____

APPEARANCES:

GREGORY KELLAM
Petitioner, *pro se*

THOMAS J. McAVOY, SENIOR DISTRICT JUDGE

## ORDER

      The Clerk has sent to the Court a motion from *pro se* petitioner Gregory Kellam seeking reconsideration of the dismissal of this action. Dkt. No. 7.

      On June 9, 2005, this Court issued an Order affording petitioner a second opportunity to file a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 which established that he exhausted his state court remedies with respect to his May 2003 convictions. Dkt. No. 5 (the "June Order"). The June Order was served on petitioner at Ogdensburg Correctional Facility where, according to the docket in this action, he was incarcerated. Thereafter on August 9, 2005, judgment was entered dismissing this action due to petitioner's failure to file an amended petition in accordance with the June Order. Dkt. No. 6.

      By his motion, petitioner claims that he never received the June Order. Dkt. No. 7. Petitioner appears to have received the Judgment of dismissal which was served on

petitioner at Gouverneur Correctional Facility. Dkt. No. 6.[1]

Upon review, it appears that the June Order was properly served on petitioner at Ogdensburg, his address of record in this action. Moreover, because the June Order was not returned to the Clerk as undeliverable to petitioner at that address, this action was properly dismissed on August 9, 2005. However, in light of petitioner's *pro se* status and in consideration of the one year limitations period for filing habeas petitions in federal court, petitioner is hereby afforded a **final** opportunity to file a proper amended petition.

Accordingly, the Judgment entered August 9, 2005 is vacated. If petitioner wishes to proceed with this action he is directed to submit an amended petition which demonstrates that he fully exhausted his state court remedies and which otherwise complies with Rule 2 of the Rules Governing Habeas Corpus Proceedings **within thirty (30) days** of the filing date of this Order. If petitioner fails to timely comply with this Order, the Clerk shall enter judgment dismissing this action without further order of this Court.

WHEREFORE, it is hereby

ORDERED, that petitioner's motion for reconsideration (Dkt. No. 7) is granted, and it is further

ORDERED, that the Judgment entered August 9, 2005 (Dkt. No. 6) is vacated, and it is further

---

[1] Petitioner never filed a notice of address change in this action. However, it appears that on or about July 7, 2005, petitioner's address was changed from Ogdensburg to Gouverneur, in accordance with a notice petitioner submitted in an unrelated action. *Kellam v. Hunt*, 9:04-CV-1225 (LEK/GJD), Dkt. No. 18.

ORDERED, that petitioner is afforded a **final** opportunity to file an amended petition as set forth above **within thirty (30) days** of the filing date of this Order, and it is further

ORDERED, that if petitioner fails to timely comply with this Order the Clerk enter judgment dismissing this action without further order of this Court, and it is further

ORDERED, that the Clerk serve a copy of this Order on petitioner.

IT IS SO ORDERED.

Dated: January 4, 2006

_____
Thomas J. McAvoy
Senior, U.S. District Judge